IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SELENE MATEOS and NOE MONTEMAYOR, On Behalf of Themselves and All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | |
| | § | CIVIL ACTION NO. 5:12-CV-00529 |
| v. | § § | |
| SELECT ENERGY SERVICES, L.L.C., | § § | |
| Defendant. | § § | |

### SELECT ENERGY SERVICES, L.L.C.'S ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT

Defendant Select Energy Services, L.L.C. ("Select Energy") files its Answer to Plaintiffs' Original Complaint, and respectfully states as follows:

### I. DEFENSES

1.  The provisions of the Fair Labor Standards Act ("FLSA") requiring the payment of overtime to certain employees are not applicable to Plaintiffs because they were employed in a *bona fide* administrative capacity exempting them from the requirements of the FLSA.

2.  Plaintiffs cannot establish Select Energy engaged in willful conduct within the meaning of the FLSA, and therefore cannot recover liquidated damages.

3.  Plaintiffs are not similarly situated to other individuals in the collective group or class they purport to represent.

4.  Plaintiffs' claims are not typical of the other individuals in the collective group or class they purport to represent.

5.  This case is inappropriate for treatment as a collective action because Plaintiffs cannot satisfy the requirements for maintenance of a collective action under § 216 of the FLSA, or

otherwise.

6. The claims of the collective group or class Plaintiffs purport to represent are barred, in whole or in part, by the affirmative defense of limitations. Pursuant to § 255(a), any claims against Select Energy are subject to the two-year statute of limitations.

7. Select Energy's acts and omissions, if found to be in violation of the FLSA, were in good faith and based upon the reasonable belief that its actions did not violate the FLSA.

## II. ANSWER

Pleading further, if necessary, and without waiving the foregoing defenses, Select Energy makes the following admissions and denials to Plaintiffs' averments as authorized by Federal Rule of Civil Procedure 8(b):

8. Select Energy admits its safety coordinators (including Plaintiffs, during their employment) are an exempt administrative position, and are therefore paid a set weekly amount. Select Energy admits Plaintiffs allege they are bringing a collective action, but denies that any alleged violations occurred, that there are any similarly-situated class members, or that Plaintiffs are otherwise entitled to bring or recover anything by way of the present action. Select Energy denies all other allegations in Paragraph 1 of Plaintiffs' Original Complaint.

9. Select Energy admits this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as alleged in Paragraph 2 of Plaintiffs' Original Complaint, because Plaintiffs have alleged a violation of the FLSA.

10. Select Energy admits venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as alleged in Paragraph 3 of Plaintiff's Original Complaint, but denies that venue is convenient in the Western District of Texas, San Antonio Division.

11. Select Energy admits Plaintiff Selene Mateos ("Mateos") is a former employee as

alleged in Paragraph 4 of Plaintiffs' Original Complaint. Select Energy admits Plaintiffs have attached a document entitled "Notice of Consent" purporting to communicate Mateos' consent to participate in this lawsuit as "Exhibit 1" to their Original Complaint.

12. Select Energy admits Plaintiff Noe Montemayor ("Montemayor") is a former employee as alleged in Paragraph 5 of Plaintiffs' Original Complaint. Select Energy admits Plaintiffs have attached a document entitled "Notice of Consent" purporting to communicate Montemayor's consent to participate in this lawsuit as "Exhibit 2" to their Original Complaint.

13. Select Energy admits it is a Delaware limited liability company and registered with the Texas Secretary of State as alleged in Paragraph 6 of Plaintiffs' Original Complaint. Select Energy denies its principle place of business is in Gainesville, Cooke County, Texas. Select Energy admits it has been served with process through its registered agent, Capitol Corporate Services.

14. Select Energy admits the allegations in Paragraph 7 of Plaintiffs' Original Complaint.

15. Select Energy admits the allegations in Paragraph 8 of Plaintiffs' Original Complaint.

16. Select Energy admits the allegations in Paragraph 9 of Plaintiffs' Original Complaint as to Plaintiff Noe Montemayor, but denies the allegations in Paragraph 9 as to Plaintiff Selene Mateos.

17. Select Energy admits the job-related activities alleged in Paragraph 10 of Plaintiffs' Original Complaint are consistent with the responsibilities of a safety coordinator employed by Select Energy.

18. Select Energy admits the allegations in Paragraph 11 of Plaintiffs' Original Complaint.

19. Select Energy admits Plaintiffs sometimes worked more than 40 hours during a workweek as alleged in Paragraph 12 of Plaintiff's Original Complaint, but the term "routinely" is too vague and ambiguous for Select Energy to either admit or deny Plaintiff's characterization of

the frequency.

20. Select Energy admits it was aware that Plaintiffs sometimes worked more than 40 hours in a workweek, as alleged in Paragraph 13 of Plaintiffs' Original Complaint, but the term "routinely" is too vague and ambiguous for Select Energy to either admit or deny Plaintiff's characterization of the frequency.

21. Select Energy admits that, because Plaintiffs were employed in exempt administrative positions, they were paid a set amount per week regardless of the number of hours they worked, as alleged in Paragraph 14 of Plaintiffs' Original Complaint.

22. Select Energy admits that, because Plaintiffs were employed in exempt administrative positions, they were not paid overtime for hours worked in excess of 40 in a workweek, as alleged in Paragraph 15 of Plaintiffs' Original Complaint.

23. With regard to Paragraph 16 of Plaintiff's Original Complaint, Select Energy incorporates by reference and reasserts its admissions and denials to Plaintiffs' Paragraphs 1-15, as set forth above.

24. Select Energy admits the allegations in Paragraph 17 of Plaintiffs' Original Complaint, but denies Plaintiffs are similarly-situated to other safety coordinators employed by Select Energy.

25. Select Energy denies the allegations in Paragraph 18 of Plaintiffs' Original Complaint.

26. Select Energy admits the allegations in Paragraph 19 of Plaintiffs' Original Complaint.

27. Select Energy admits all safety coordinators it employs are exempt administrative positions, and that the individuals holding such positions are not paid overtime, as alleged in Paragraph 20 of Plaintiff's Original Complaint. Select Energy denies Plaintiffs' characterization of "failing and refusing to pay" overtime not required to be paid, therefore, as inaccurate.

28. Select Energy denies the allegations in Paragraph 21 of Plaintiffs' Original

Petition. More specifically, Select Energy denies Plaintiffs have standing to sue on behalf of "others similarly situated." Plaintiffs have not, and cannot meet the commonality, typicality and numerosity requirements to sue on behalf of "others similarly situated."

29. With regard to Paragraph 22 of Plaintiff's Original Complaint, Select Energy incorporates by reference and reasserts its admissions and denials to Plaintiffs' Paragraphs 1-21, as set forth above.

30. Select Energy admits the FLSA requires employers to pay their non-exempt employees overtime for hours worked in excess of 40 during a workweek, as alleged in Paragraph 23 of Plaintiff's Original Complaint. Select Energy denies Plaintiffs or the putative collective action members were/are non-exempt employees entitled to overtime pay under the FLSA.

31. Select Energy admits the allegations in Paragraph 24 of Plaintiffs' Original Complaint.

32. Select Energy admits the allegations in Paragraph 25 of Plaintiffs' Original Complaint.

33. Select Energy admits the allegations in Paragraph 26 of Plaintiffs' Original Complaint.

34. Select Energy admits the allegations in Paragraph 27 of Plaintiffs' Original Complaint.

35. Select Energy denies the allegations in Paragraph 28 of Plaintiffs' Original Complaint.

36. Select Energy denies the allegations in Paragraph 29 of Plaintiffs' Original Complaint.

37. Select Energy denies the allegations in Paragraph 30 of Plaintiffs' Original Complaint.

38. Select Energy denies the allegations in Paragraph 31 of Plaintiffs' Original Complaint.

39. Select Energy denies the allegations in Paragraph 32 of Plaintiffs' Original Complaint.

40. Select Energy denies the allegations in Paragraph 33 of Plaintiffs' Original Complaint.

41. Select Energy admits Plaintiffs have demanded a jury trial, as stated in Paragraph 34 of Plaintiffs' Original Complaint.

42. Select Energy denies Plaintiffs are entitled to any of the relief sought in the prayer of their Original Complaint, including but not limited to, certification of this lawsuit as a collective action under the FLSA, any award of allegedly unpaid and/or underpaid overtime compensation, liquidated damages, attorneys' fees under the FLSA, and any award of post-judgment interest on the amounts sought herein.

### III. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Select Energy Services, L.L.C. requests that Plaintiffs' Original Complaint be dismissed in its entirety with prejudice, that Plaintiffs take nothing herein, and that Defendant recover its costs, fees, and expenses, and for such other further relief to which it may show itself to be justly entitled.

Respectfully submitted,

*/s/ W. Jackson Wisdom*
W. Jackson Wisdom
Texas Bar No. 21804025
Federal ID No. 13756
wisdom@mdjwlaw.com
Martin, Disiere, Jefferson & Wisdom, L.L.P.
808 Travis, Suite 1800
Houston, Texas 77002
(713) 632-1700
(713) 222-0101

**Attorney-in-Charge for Defendant,**
**SELECT ENERGY SERVICES, L.L.C.**

OF COUNSEL:
James M. Cleary, Jr.
Texas Bar No. 00783838
Federal ID No. 15499
cleary@mdjwlaw.com
Martin, Disiere, Jefferson & Wisdom, L.L.P.
808 Travis, Suite 1800
Houston, Texas 77002
(713) 632-1700
(713) 222-0101

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the above and foregoing instrument has been served by electronic mail via CM/ECF and/or by facsimile, on this the 3rd of July, 2012 to:

| | |
|---|---|
| Michael K. Burke<br>Jody R. Mask<br>Michael M. Guerra<br>Guerra Mask, L.L.P.<br>3900 North 10th Street, Suite 850<br>McAllen, Texas 78501 | *Via Facsimile:  (888) 317-8802* |
| Alfredo Z. Padilla<br>Law Office of Alfredo Z. Padilla<br>104 North 5th Street<br>Carrizo Springs, Texas 78834 | *Via Facsimile:  (830) 876-9531* |

                                      *James M. Cleary, Jr.*
                                      James M. Cleary, Jr.